Craig E. Stewart (State Bar No.129530)
cestewart@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:     415-626-3939
Facsimile:     415-875-5700

Darren K. Cottriel (State Bar No. 184731)
dcottriel@jonesday.com
Ann T. Rossum (State Bar No. 281236
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:     949.553.7548
Facsimile:     949.553.7539

Attorneys for Defendants
THE GILLETTE COMPANY and
THE PROCTER & GAMBLE CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RENEE PUNIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY and THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | **Case No. 5:14-cv-05028-LHK**<br><br>**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:   August 20, 2015<br>Time:  1:30 p.m.<br>Place:  Courtroom 8 – 4th Floor |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ...................................................................... 1

RELIEF SOUGHT ...................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

INTRODUCTION ....................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ......................................................... 3

BACKGROUND ......................................................................................................... 3

ARGUMENT ............................................................................................................... 4

I.      LEGAL STANDARD ...................................................................................... 4

II.     PLAINTIFF DOES NOT ALLEGE A VALID FALSE ADVERTISING CLAIM ........... 6

        A.      The Complaint Does Not Allege Any Actionable Affirmative
                Misrepresentations ............................................................................... 6

        B.      The Complaint Does Not Allege A Valid Non-Disclosure Claim ...... 9

        C.      Plaintiff Does Not Allege Facts Showing An Economic Injury ........ 12

III.    PLAINTIFF'S UCL CLAIMS FOR UNLAWFUL AND UNFAIR CONDUCT
        ALSO FAIL ................................................................................................... 15

IV.     PLAINTIFF HAS NOT ALLEGED A VALID CLAIM FOR "UNJUST
        ENRICHMENT." ........................................................................................... 15

V.      PLAINTIFF'S WARRANTY CLAIM IS MERITLESS ............................... 16

CONCLUSION .......................................................................................................... 17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

**CASES**

4

5
*Aleksick v. 7–Eleven, Inc.*,
    205 Cal. App. 4th 1176 (2012) ..................................................................................................15

6

7
*Am. Suzuki Motor Corp. v. Superior Court*,
    37 Cal. App. 4th 1291 (1995) ...................................................................................................16

8

9
*Anunziato v. eMachines, Inc.*,
    402 F. Supp. 2d 1133 (C.D. Cal. 2005) ....................................................................................8

10

11
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................................4, 5, 14

12

13
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................4

14
*Berenblat v. Apple, Inc.*,
    2010 U.S. Dist. LEXIS 46052 (N.D. Cal. April 7, 2010) ........................................................11

15

16
*Berger v. Home Depot USA, Inc.*,
    741 F.3d 1061 (9th Cir. 2014)..................................................................................................16

17
*Berryman v. Merit Prop. Mgmt., Inc.*,
    152 Cal. App. 4th 1544 (2007) .................................................................................................9

18

19

20
*Birdsong v. Apple, Inc.*,
    590 F.3d 955 (9th Cir. 2009).....................................................................................................12

21
*Brazil v. Dole Food Co.*,
    935 F. Supp. 2d 947 (N.D. Cal. 2013) ...............................................................................13, 16

22

23
*Brazil v. Dole Packaged Foods, LLC*,
    No. 12-CV-01831-LHK, 2014 WL 6893715 (N.D. Cal. Dec. 8, 2014) ...................................15

24

25
*Brothers v. Hewlett-Packard Co.*,
    No. C-06-02254 RMW, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006)....................................8

26

27
*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
    No. C 10-01044 JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) *aff'd*, 475 F.
    App'x 113 (9th Cir. 2012)........................................................................................................13

28

*Chacanaca v. Quaker Oats Co.*,
  752 F. Supp. 2d 1111 (N.D. Cal. 2010) ............................................................................5

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
  173 F.3d 725 (9th Cir. 1999) .............................................................................................7

*Collins v. eMachines, Inc.*,
  202 Cal. App. 4th 249 (2011) (modified) ..........................................................................9

*Consumer Advocates v. Echostar Satellite Corp*,
  113 Cal. App. 4th 1351 (2003) ..........................................................................................8

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) .............................................................................................8

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) ............................................................................................9

*Diacakis v. Comcast Corp.*,
  No. C-11-3002 SBA, 2012 WL 43649, at *6 (N.D. Cal. Jan. 9, 2012) ...........................16

*Doe v. SuccessfulMatch.com*,
  No. 13-CV-03376-LHK, 2014 WL 4954701 (N.D. Cal. Sept. 30, 2014) .........................14

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) .............................................................................11

*Elias v. Hewlett-Packard Co.*,
  950 F. Supp. 2d 1123 (N.D. Cal. 2013) .......................................................................8, 10

*Elias v. Hewlett-Packard Co.*,
  No. 12-CV-00421-LHK, 2014 WL 493034 (N.D. Cal. Feb. 5, 2014) ..............................11

*Grodzitsky v. Am. Honda Motor Co.*,
  2013 U.S. Dist. LEXIS 33387 (C.D. Cal. Feb. 19, 2013) ...............................................11

*Herremans v. BMW of N. Am., LLC*,
  No. CV 14-02363 MMM PJWX, 2014 WL 5017843, at *1 (C.D. Cal. Oct. 3,
  2014) .................................................................................................................................11

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011) .....................................................................................5, 15

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
  802 F. Supp. 2d 1070 (N.D. Cal. 2011) ...........................................................................16

*In re iPhone Application Litig.*,
  6 F.Supp.2d 1004 (N.D. Cal. 2013) ......................................................................7

*In re Sony Grand Wega*,
  758 F. Supp. 2d 1077 (N.D. Cal. 2010) ..................................................................8

*Ivie v. Kraft Foods Global, Inc.*,
  No. C-12-02554-RMW, 2015 WL 183910 (N.D. Cal. Jan. 14, 2015)....................15

*Jou v. Kimberly-Clark Corp.*,
  No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ....................13

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)..............................................................................6, 7

*Keith v. Buchanan*,
  173 Cal. App. 3d 13 (1985)....................................................................................16

*Kowalsky v. Hewlett-Packard Co.*,
  771 F. Supp. 2d 1156 (N.D. Cal. 2011) ..................................................................5

*Krouch v. Wal-Mart Stores, Inc.*,
  No. 12-CV-02217-YGR, 2014 WL 5463333 (N.D. Cal. Oct. 28, 2014)..................7

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) .....................................................................................12, 13

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ..................................................................................5

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ....................................................................................9

*Long v. Hewlett-Packard Co.*,
  No. C 06-02816 JW, 2007 WL 2994812 (N.D. Cal. July 27, 2007)........................8

*Neu v. Terminix Int'l, Inc.*,
  No. 07-cv-6472, 2008 WL 2951390 (N.D. Cal. July 24, 2008)................................5

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ...............................................................8, 11

*Ohno v. Yasuma*,
  723 F.3d 984 (9th Cir. 2013)..................................................................................16

*Rice v. Sunbeam*,
   No. CV 12-7923-CAS-(AJWx), 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ..........................12

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997)..............................................................................................8

*Sybersound Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008)..............................................................................................5

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...............................................................................9

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003)................................................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)..........................................................................................5, 6

*Wood v. Motorola Mobility, Inc.*,
   No. 11-cv-04409, 2012 WL 892166 (N.D. Cal. Mar. 14, 2012)...........................................5

STATUTES

Cal. Bus. & Prof. Code § 17204 ................................................................................................12

California's Unfair Competition Law, False Advertising Law, and Consumer
   Legal Remedies Act. ...........................................................................................................4

Unfair Competition Law, the False Advertising Law, or the Consumer Legal
   Remedies Act. ..................................................................................................................2, 4

OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ...............................................................................................................5, 14

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 8

1

**NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE that on August 20, 2015, at 1:30 p.m., or as soon thereafter as

3  the matter may be heard, defendants The Gillette Company and The Procter & Gamble Co.

4  (referred to collectively herein as "Duracell")[1] will and hereby do move to dismiss plaintiff's

5  complaint under Fed. R. Civ. P. 12(b)(6).

6

**RELIEF SOUGHT**

7  Dismissal in defendants' favor on all claims.

8

**MEMORANDUM OF POINTS AND AUTHORITIES**

9

**INTRODUCTION**

10      Plaintiff alleges that Duracell engaged in false advertising by stating that Duracell

11  CopperTop batteries are guaranteed to last for 10 years in storage.  She asserts this statement was

12  false because the batteries may leak in normal usage.  She does not allege, however, that any of

13  the batteries she purchased leaked.  Nor does she identify anyone else whose batteries leaked, or

14  what percentage of batteries overall leaked.  She claims that, had she known of the alleged

15  potential for leakage, she would have opted to purchase a competing battery.  But she does not

16  allege any facts showing that competing batteries do not leak or that Duracell batteries leak any

17  more than other batteries.  Nor does she allege facts showing that a comparable battery is

18  available for a lower price.

19      The Court should dismiss the complaint for failure to state a claim.  Plaintiff asserts that

20  Duracell's warranty was false.  But it is not false advertising to provide a warranty, even if some

21  individual units of the product malfunction or fail within the warranty period.  The possibility of

22  such failure is the purpose of providing the warranty in the first place.  Nor can the complaint be

23  salvaged on the theory that Duracell had a duty to disclose the possibility that a battery may leak.

24  Plaintiff does not allege facts showing that the batteries contained any defect.  She does not allege

25  they were designed improperly, that the manufacturing process was flawed, or that a significant

26  _____

27  [1]      Duracell is a brand name of batteries sold by The Gillette Company, which is a subsidiary
of Procter & Gamble.  For simplicity's sake, this motion uses the brand name to refer to the two

28  defendant companies.

number of the batteries experienced any leakage.  She alleges only that they have the potential to

fail prematurely—which could be said of virtually any consumer product.  She likewise does not

allege facts establishing that Duracell was aware of any leak-causing defect.  She asserts in

conclusory fashion that Duracell received complaints from customers about leakage.  But this

Court and others have ruled that such allegations are not enough to establish knowledge sufficient

to trigger a duty to disclose.

The complaint should also be dismissed because plaintiff has not alleged facts supporting

a viable theory of economic injury.  As noted, she alleges neither that her batteries leaked nor that

Duracell has failed to honor its warranty.  She asserts that Duracell batteries are priced at a

premium.  But she does not allege that the asserted price premium was the result of the warranty

or any lack of disclosure about leaks.  Instead, her theory of harm is she would have purchased a

lower-priced competing battery.  That theory, however, fails because plaintiff alleges no facts

identifying any such batteries or showing that they are comparable to Duracell batteries.

If the allegations of this complaint were sufficient, virtually every product sold in this

county could be the subject of a class action lawsuit.  Essentially every product has the potential

to malfunction in normal usage for any of countless reasons.  But no case has suggested that this

nearly universal characteristic means that all those products are defective or that all of their

manufacturers have a duty to disclose.  Nor has any case found that simply purchasing such a

product amounts to economic injury.  If there are consumers (unlike plaintiff) whose batteries

leaked, those consumers may have a warranty claim.  But they do not have a false advertising

claim—and this plaintiff (whose batteries did not fail) has no claim of any sort.  Permitting her

claim to proceed would open the door to countless lawsuits like this, would stretch tort law far

beyond any legitimate bounds, and would permit plaintiffs to improperly evade the well-

established limitations on asserting a warranty claim.

The absence of any actionable misrepresentation or non-disclosure, as well as plaintiff's

failure to identify any cognizable harm, requires dismissal of all of her claims for false

advertising, whether asserted under the Unfair Competition Law, the False Advertising Law, or

the Consumer Legal Remedies Act.  Her separate claims for unjust enrichment and breach of the

1    implied warranty of fitness for a particular fitness also fail, for the reasons discussed below.  The

2    Court should dismiss the complaint in its entirety.

3                      **STATEMENT OF ISSUES TO BE DECIDED**

4         1.       Has plaintiff stated a valid claim of affirmative misrepresentation, when her

5    complaint identifies no allegedly false or misleading affirmative statement?

6         2.       Has plaintiff stated a valid claim of non-disclosure, when she does not allege facts

7    showing the existence of any defect or that defendants were aware of any defect?

8         3.       Has plaintiff alleged facts showing economic injury, when she does not allege any

9    price premium attributable to the false advertising and does not allege facts showing that

10   comparable lower-priced alternatives were available?

11        4.       Has plaintiff stated a valid separate claim of unjust enrichment, when the alleged

12   remedy available under that theory duplicates the remedies available under her other theories?

13        5.       Has plaintiff stated a valid claim for breach of the implied warranty of fitness for a

14   particular purpose, when she does not allege any facts showing that she had a particular purpose

15   for Duracell batteries different from the ordinary purposes for which batteries are used?

16                                  **BACKGROUND**

17        Plaintiff brings this case on behalf of an alleged class of Duracell CopperTop AA & AAA

18   battery purchasers in California.  She asserts that Duracell misled consumers by not disclosing

19   that "Duracell Batteries leak when not in use and the leakage can damage any device that the

20   batteries are stored in."  ECF No. 21 ("AC"), ¶ 21.  She alleges that "[n]owhere on the packaging

21   of the Duracell Batteries is any disclosure that the batteries may leak when used or stored in a

22   normal and expected manner."  *Id.* ¶ 20.

23        To support her assertion that Duracell had a duty to disclose this information, plaintiff

24   refers to Duracell's Duralock Power Preserve statement on the battery packaging that the batteries

25   are "Guaranteed for 10 Years In Storage."  She alleges that this statement "affirmatively

26   represent[ed] the date the battery is guaranteed not to fail."  *Id.* ¶ 19.  She claims that, based on

27   this guarantee, and the absence of any other disclosure, "a reasonable consumer would likely be

28

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1   misled into believing that Duracell Coppertop batteries with Duralock will last for 10 years

2   without leakage." *Id.* ¶ 22.

3       Although the warranty language on which she relies is expressly limited to preservation of

4   the battery's power while in ***storage***, plaintiff relies on alleged leakage occurring during ***use*** of

5   the batteries.  She asserts that Duracell "had knowledge of the problem of leakage in its AA and

6   AAA batteries under normal conditions of use intended by Defendants.  Numerous complaints

7   filed directly with Defendants by consumers showing dates throughout the class period revealed a

8   leakage problem." *Id.* ¶ 24.

9       Plaintiff alleges that she has purchased Duracell batteries "at various times for more than

10  four years." *Id.* ¶ 27.  She claims that she saw the package label, and heard or saw other

11  advertising regarding the Duralock 10-year guarantee, and "believed that the Duracell Batteries

12  would not fail for ten years." *Id*. ¶ 28.  She further asserts that she "did not know that the

13  Duracell Batteries, despite their premium price, could leak even if used as intended"—again

14  ignoring that the Duralock guarantee is addressed to batteries in storage, not in use.  *Id.*

15      She does not allege that any of the batteries she purchased leaked or otherwise failed

16  during the warranty period.  Nor does she allege that Duracell fails to fully honor its warranties in

17  the event that any of its batteries leak or fail to perform.  Her sole claim of injury is that, had she

18  been informed that Duracell batteries allegedly can leak in normal usage, she would have opted to

19  buy a lower-priced battery from a competitor.  *Id.* ¶ 23.

20      Based on these allegations, plaintiff asserts claims for violation of California's Unfair

21  Competition Law, False Advertising Law, and Consumer Legal Remedies Act.  She also alleges

22  separate claims for unjust enrichment and breach of the implied warranty of fitness for a

23  particular purpose.

24      **ARGUMENT**

25  **I.**      **LEGAL STANDARD**

26      To survive a motion to dismiss, a complaint must plead sufficient factual matter, if

27  accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556

28  U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must plead

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1    "factual content that allows the court to draw the reasonable inference that the defendant is liable

2    for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While allegations of material fact are

3    assumed to be true and viewed in the light most favorable to the plaintiff, the Court need not

4    accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact,

5    or unreasonable inferences. *Id.* at 678-79.  Courts are "not bound to accept as true a legal

6    conclusion couched as a factual allegation." *Id.* at 678 (internal citation omitted).

7         To state a claim under the UCL, FAL, or CLRA, a plaintiff must show that "members of

8    the public are likely to be deceived" by the alleged misrepresentation or deception. *Sybersound*

9    *Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (citation and internal quotation

10   marks omitted); *Wood v. Motorola Mobility, Inc.*, No. 11-cv-04409, 2012 WL 892166, at *5-6

11   (N.D. Cal. Mar. 14, 2012).[2]  "'Likely to deceive' implies more than a mere possibility that the

12   advertisement might conceivably be misunderstood by some few consumers viewing it in an

13   unreasonable manner.  Rather, the phrase indicates that the ad is such that it is probable that a

14   significant portion of the general consuming public or of targeted consumers, acting reasonably in

15   the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508

16   (2003); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) ("California courts

17   consistently have looked to the ordinary consumer within the larger population . . . ." (internal

18   citation omitted) (internal quotation marks omitted)).

19        When alleging a claim sounding in fraud, a plaintiff must plead the fraud with

20   particularity.  Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103

21   (9th Cir. 2003).  "Averments of fraud must be accompanied by the who, what, when, where, and

22   how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted).  A

23

24   [2]      Because UCL, FAL, and CLRA claims alleging false advertising overlap in both scope

25   and elements, courts often consolidate the analysis of motions to dismiss these claims. *See, e.g.*,
     *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1162-63 (N.D. Cal. 2011) ("[C]ourts

26   often analyze the [UCL and CLRA] together . . . ."); *Chacanaca v. Quaker Oats Co.*, 752 F.
     Supp. 2d 1111, 1124-27 (N.D. Cal. 2010) (analyzing UCL, FAL, and CLRA claims together);

27   *Neu v. Terminix Int'l, Inc.*, No. 07-cv-6472, 2008 WL 2951390, at *3-4 (N.D. Cal. July 24, 2008)
     (same).

28

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1   "plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

2   (internal quotation marks omitted).  This is true as well for claims under the UCL, FAL, or CLRA

3   that are "'grounded in fraud' or . . . 'sound in fraud.'"  *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

4   1125 (9th Cir. 2009) (*quoting Vess*, 317 F.3d at 1103-04)).

5   **II.       PLAINTIFF DOES NOT ALLEGE A VALID FALSE ADVERTISING CLAIM.**

6       **A.       The Complaint Does Not Allege Any Actionable Affirmative**

7              **Misrepresentations.**

8           Plaintiff asserts that her claims are "based upon Defendants' representations that these

9   batteries were warranted for ten years" and that Duracell "affirmatively represent[ed]" that its

10  batteries are "guaranteed not to fail" within that period.  AC ¶¶ 1, 19.  To the extent these

11  allegations are intended to state a claim for an affirmative misrepresentation, that claim must be

12  dismissed because plaintiff does not allege any facts showing that the representation was false—

13  *i.e.*, that Duracell did not warrant the batteries for 10 years.

14          Merely alleging that a product has the potential to fail or has failed does not turn a

15  warranty of the sort alleged here into a tortious representation.  A warranty is not a promise that

16  the product will not fail during the warranty period.  It is instead a contractual undertaking that,

17  should the product fail in a manner that is covered by the warranty, the manufacturer will repair

18  or replace it in accordance with the warranty terms.  That is what Duracell undertook when it

19  stated on its packaging that the batteries are "Guaranteed for 10 Years in Storage."  Plaintiff does

20  not allege that Duracell does not in fact extend a 10-year power preserve warranty on the

21  batteries.  Nor does she allege that Duracell has failed to honor its power preserve warranty—*i.e.*,

22  that she or others have made a warranty claim that has been improperly denied.  And even if she

23  had so alleged, that would at best allege a claim for breach of warranty, not a fraud claim for

24  misrepresentation.  Plaintiff is improperly trying use false advertising law to circumvent the law

25  of warranty, including the restrictions that warranty law places on recovery (including that the

26  product have actually failed and that manufacturer have refused to honor the warranty).

27          Plaintiff's reliance on the warranty also fails because the Duralock warranty on which she

28  relies covers preservation of power in storage, whereas she claims that the batteries leak when

being used.  *E.g.*, AC ¶ 28.  Perhaps recognizing this limitation, plaintiff also asserts that the batteries can leak when "stored in devices not in service or use."  *Id*. ¶ 22.  But the warranty refers only to "storage," not to the period after the battery has already been put into a device for use but is not actively being used.  The battery package instructs consumers to "Keep in original package until ready to use."  *See* Declaration of Darren K. Cottriel, Ex. A.[3]

Plaintiff also alleges that Duracell stated in a press release that Duracell batteries provide "Trusted Power" and "power when you need it," and that Duracell ran television and radio commercials that stated, "It just has to work.  Duracell.  Trusted Everywhere."  AC ¶¶ 15, 18.  None of this alleges a valid misrepresentation claim.

*First*, plaintiff does not allege that she read and relied on the press release or any other materials containing these statements.  She asserts only that she read the package label and heard or saw advertising about the "Duralock guarantee."  AC ¶ 28.  Having failed to plead reliance on the alleged misrepresentations, she has not stated a valid claim.  *See Krouch v. Wal-Mart Stores, Inc.*, No. 12-CV-02217-YGR, 2014 WL 5463333, at *8 (N.D. Cal. Oct. 28, 2014) (reliance is a required element under the UCL, CLRA and FAL); *In re iPhone Application Litig.*, 6 F.Supp.2d 1004, 1020-21 (N.D. Cal. 2013) (refusing to find that plaintiffs relied on a statement they did not see, read, or hear).  Moreover, any claim based on the unidentified "TV advertising" and "radio advertising" fails because plaintiff has not alleged the content of that advertising, when or where she supposedly saw or heard it, or what portions of the advertising she relied upon as material.  *Kearns*, 567 F.3d at 1126 (finding complaint insufficient the plaintiff failed to allege "circumstances surrounding such representations," including "what the television advertisements or other sales material specifically stated . . . , when he was exposed to them or which ones he found material . . . , [or] which sales material he relied upon in making his decision").

*Second*, to be actionable, a statement must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact."  *Coastal*

---

[3]    Duracell requests that the Court take judicial notice of the label.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may take judicial notice of materials alleged in complaint).

*Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999).  Advertisements that consist of "product superiority claims that are vague or highly subjective" (*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997)), are non-actionable puffery.

The statements on which plaintiff relies are puffery.  A claim that a product is "trusted everywhere" and provides "power when you need it" is not "specific and measurable."  Rather, it is a vague and subjective assertion that is nothing "more weighty than an advertising slogan." *Consumer Advocates v. Echostar Satellite Corp*, 113 Cal. App. 4th 1351, 1361 (2003).  This Court and numerous others have rejected fraud claims premised on such puffing.  *Elias v. Hewlett-Packard Co.,* 950 F. Supp. 2d 1123 (N.D. Cal. 2013) (granting motion to dismiss claim against advertising that stated the product "delivers the power you need" and that promised "ultra-reliable performance," "full power and performance," and a "versatile, reliable system"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) (finding statements that product offered "superb, uncompromising quality" and that it was "faster, more powerful, and more innovative than competing machines" to be puffery); *see also Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139-40 (C.D. Cal. 2005) (finding statements that an allegedly defective notebook computer provided "outstanding quality, reliability, and performance" and used "high quality components" were puffery); *Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2006 WL 3093685, at *1, *5 (N.D. Cal. Oct. 31, 2006) (finding statements that an allegedly defective computer provided "high performance" and was "top of the line" were puffery); *Long v. Hewlett-Packard Co.*, No. C 06-02816 JW, 2007 WL 2994812, at *7 (N.D. Cal. July 27, 2007) (advertising that HP Pavilion laptops were a "reliable mobile computing solution" that could "do more on the move" was puffery); *In re Sony Grand Wega*, 758 F. Supp. 2d 1077, 1089 (N.D. Cal. 2010) (same for statements that allegedly defective televisions were of "high quality" and "superior quality"); *see also Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("District courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and we can think of no sound reason why they should not do so.").

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1

**B.      The Complaint Does Not Allege A Valid Non-Disclosure Claim.**

2

Plaintiff has also failed to state a non-disclosure claim.  To state such a claim, the plaintiff

3

must first allege facts showing a duty to disclose.  "[A] failure to disclose a fact one has no

4

affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL."

5

*See also Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1557 (2007) (quoting

6

*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006)).  The California Court

7

of Appeal has held that there are four circumstances in which a duty to disclose may arise:

8

9

10

(1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has
exclusive knowledge of material facts not known or reasonably accessible to the
plaintiff; (3) when the defendant actively conceals a material fact from the
plaintiff; and (4) when the defendant makes partial representations that are
misleading because some other material fact has not been disclosed.

11

12

*Collins v. eMachines, Inc.,* 202 Cal. App. 4th 249, 255-56 (2011) (modified) (citing *LiMandri v.*

13

*Judkins,* 52 Cal. App. 4th 326, 336 (1997)).

14

Plaintiff does not allege that defendants are her fiduciary.  She asserts that Duracell

15

"concealed from consumers the propensity for premature leakage and corrosion."  AC ¶ 42.  But

16

the only act of concealment she alleges is that Duracell "fail[ed] to disclose [the alleged

17

propensity] on Duracell Coppertop packaging or related advertising materials."  *Id.*  That

18

allegation is insufficient, however, because active concealment requires more than just "facts

19

showing that the defendant knew of the alleged defect and did nothing to fix it or alert customers

20

to its existence."  *Tietsworth v. Sears,* 720 F. Supp. 2d 1123, 1134 (N.D. Cal. 2010).  And

21

plaintiff does not allege any "partial representation" by defendants that was misleading absent

22

some further disclosure.

23

Thus, a duty to disclose exists here only if plaintiff has alleged facts showing that Duracell

24

had "exclusive knowledge of facts not known or reasonably accessible to the plaintiff."  Plaintiff

25

has not done so.  She alleges:

26

27

28

Defendants had knowledge of the problem of leakage in its AA and AAA
batteries under normal conditions of use intended by Defendants.  Numerous
complaints filed directly with Defendants by consumers showing dates throughout
the class period revealed a leakage problem.

AC ¶ 24.  With this allegation, plaintiff seeks to bring herself within decisions that have held that a manufacturer has a duty to disclose a known product defect that results in a product malfunction occurring within the warranty period.  *See, e.g.*, *Elias*, 950 F. Supp. 2d 1123.  This allegation is insufficient for two reasons.

**First,** neither this nor any other allegation in the complaint contains facts showing that Duracell batteries were defective.  Plaintiff alleges that Duracell batteries "may leak when used or stored in the normal and expected manner."  AC ¶ 20.  But she alleges no facts showing that any such leakage is the result of a defect in the product, as opposed to an inherent characteristic of all alkaline batteries.  She alleges nothing about the design of product, or its manufacturing process, that she claims is defective.  Nor does she allege how often the alleged leaks occur, or that Duracell batteries leak more than other brands of alkaline batteries.  Without that information (or other facts showing the existence of a defect), there is no basis for concluding that the leaks are the result of a defect that must be disclosed.  Especially for mass-produced products, such as disposable alkaline batteries (which are produced by the millions), some individual units of the product may fail for any number of causes other than a product defect, including mishandling of the product during shipping, mistakes made during the manufacturing process for a particular batch of batteries, or faulty component parts provided by a third-party vendor.  The possibility of such events occurring is why product manufacturers provide warranties.  But the fact that some consumers may have a valid claim under the warranty does not show that the product is defective. Because plaintiff has alleged no more than this, she has failed to allege that Duracell batteries have a defect that must be disclosed.

Indeed, finding a duty to disclose based on the allegations here would open the door to a new wave of false advertising lawsuits.  A plaintiff could allege with respect to almost any product that it may fail when used in the "normal and expected manner."  But no case of which defendants are aware has found that fact, by itself, is enough to create a duty to disclose.  Instead, the cases finding a duty have involved an actual defect in the design of the product, not merely the potential inherent in any product that particular units of the product may wear out prematurely

1  or otherwise not function as intended.[4]  This Court should reject plaintiff's invitation to stretch

2  false advertising law beyond that limit.

3       **Second,** plaintiff has not alleged any facts showing that Duracell was aware of any defect

4  in its batteries, even if one existed.  Plaintiff alleges only that Duracell received "numerous"

5  complaints.  AC ¶ 24.  The courts have repeatedly ruled that this kind of bare allegation of

6  complaints is insufficient to allege knowledge sufficient to trigger a duty to disclose.  In

7  *Berenblat v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 46052 (N.D. Cal. April 7, 2010), for example,

8  the plaintiffs relied on customer complaints as evidence that Apple knew of a defect.  *Id.* at *27.

9  Even though plaintiff alleged that there were over 350 complaints to Apple by the time plaintiff

10  acquired his computer, the court agreed that a customer complaint and knowledge of a defect

11  were not the same:  "[T]he complaints posted on Apple's consumer website [only] *establish the*

12  *fact that some consumers were complaining.*  By themselves they are insufficient to show that

13  Apple had knowledge that the memory slot *in fact was defective* and sought to conceal that

14  knowledge from consumers."  *Id.* (emphasis added).

15       The same is true here.  Plaintiff's bare allegation that there is some unknown number of

16  complaints is not enough to show Duracell knew of a defect.  *See also Herremans*, 2014 WL

17  5017843, at *10 (finding insufficient to establish knowledge an allegation that defendant received

18  "numerous . . . complaints" from consumers about the alleged defect); *Oestreicher*, 544 F. Supp.

19  2d at 974 n.9 ("Random anecdotal examples of disgruntled customers posting their view on

20  websites at an unknown time is not enough to impute knowledge on defendants."); *Grodzitsky v.*

21  *Am. Honda Motor Co.*, 2013 U.S. Dist. LEXIS 33387, at *18-19 (C.D. Cal. Feb. 19, 2013)

22

---

23  [4]     *Compare Elias v. Hewlett-Packard Co.*, No. 12-CV-00421-LHK, 2014 WL 493034, at *1

24  (N.D. Cal. Feb. 5, 2014) (plaintiff alleged that, contrary to component manufacturer's
   recommendation, defendant installed power supply unit in computer that was inadequate to

25  support the included component); *Herremans v. BMW of N. Am., LLC*, No. CV 14-02363 MMM
   PJWX, 2014 WL 5017843, at *1 (C.D. Cal. Oct. 3, 2014) (plaintiff alleged that sealed ball

26  bearing system in the automobile's water pump was defective because the stress placed on it
   exceeded engineering limitations); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 917 (N.D. Cal.

27  2012) (defendant admitted that the formula it used to calculate and display signal strength on cell
   phones was "totally wrong").

28

Motion to Dismiss Amended Compl.
                                                       No. 14-cv-05028-LHK

1    (rejecting "knowledge" and "duty to disclose" allegations premised on claim that Honda knew of

2    a defect based on "pre-release testing data, early consumer complaints to Honda and dealers,

3    testing done in response to complaints, replacement part sales data, aggregate data from Honda

4    dealers, and other internal sources."); *Rice v. Sunbeam*, No. CV 12-7923-CAS-(AJWx), 2013 WL

5    146270, at *7-8 (C.D. Cal. Jan. 7, 2013) (finding allegations that defendant had previously

6    demanded consumers return their defective products, had received unspecified customer

7    service/warranty service call center records for returns and/or complaints, and "numerous

8    individual letters and communications sent by members of the Class" insufficient to allege

9    knowledge under the CLRA).

10    **C.    Plaintiff Does Not Allege Facts Showing An Economic Injury.**

11    Plaintiff has also failed to allege any cognizable injury.  California law requires that a

12    plaintiff suing under the UCL, FAL, and CLRA have suffered an economic injury.  Cal. Bus. &

13    Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323, 326 (2011).  And

14    federal court plaintiffs must allege injury sufficient to satisfy Article III.  *Birdsong v. Apple, Inc.*,

15    590 F.3d 955, 960 n.4 (9th Cir. 2009).

16    Although alleging a product defect, plaintiff does not allege that any of the batteries she

17    purchased leaked or otherwise failed to perform.  Nor does she allege that Duracell has failed to

18    honor its warranties as to any battery.  Instead, her only claim of injury is that Duracell batteries

19    sell "at a premium price compared to similarly sized AA and AAA batteries of competitors'

20    products, which Plaintiff would have purchased instead of the Duracell Batteries if Plaintiff had

21    been informed or known of potential failure due to leakage."  AC ¶ 23.

22    This conclusory allegation is not enough.  Defendants are not aware of any cases finding

23    this kind of allegation sufficient where the plaintiff alleged simply that the product she purchased

24    had the potential to malfunction in "normal and expected" use.  Instead, the cases finding

25    economic injury based simply on the plaintiff having purchased the product or paying a

26    "premium price" have involved representations about (or a failure to disclose) a physical

27    characteristic of the product, such as its content or how it was made.  *E.g.*, *Kwikset Corp.*, 51 Cal.

28    4th 310 (defendant manufacturer misrepresented that the product was "Made in the U.S.A." when

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1    it was not); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 962 (N.D. Cal. 2013) (defendant

2    misrepresented that the product was "all natural").   In such cases, the plaintiff received

3    something different from what was advertised.  However, when no actual characteristic of the

4    product has been misrepresented or omitted and the only allegation is simply that the product may

5    fail, the plaintiff has not been cognizably harmed merely by having purchased the product at its

6    regular retail price.

7         But even if purchasing a product that has only the potential to fail could be found to be an

8    economic injury, plaintiffs' allegations would still not be enough.  To the extent that plaintiff is

9    attempting to allege an "overcharge" injury, that theory fails because plaintiff does not allege that,

10   absent the alleged false advertising, she would have purchased Duracell batteries but at a lower

11   price.  Nor does she allege that Duracell batteries sell at a premium price **because** of the alleged

12   false advertising—*i.e.*, that Duracell prices were higher because the supposed potential for

13   leakage was not disclosed and disclosure would have resulted in Duracell charging less.  This

14   case is thus unlike the cases that have found economic injury on the ground that the plaintiff was

15   harmed because the price she paid was inflated by the alleged false advertising and she would

16   have paid a lower price to the defendant for that same product had the truth been told.  *E.g.*,

17   *Brazil*, 935 F. Supp. 2d at 961 (plaintiff allegedly paid "an 'unwarranted premium' due to

18   Defendants' false and misleading labels"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-

19   01044 JSW, 2011 WL 159380, at *2 (N.D. Cal. Jan. 10, 2011) *aff'd*, 475 F. App'x 113 (9th Cir.

20   2012) (defendant allegedly "charged a premium price based on alleged misrepresentations"); *Jou

21   v. Kimberly-Clark Corp.*, No. C-13-03075 JSC, 2013 WL 6491158, at *3 (N.D. Cal. Dec. 10,

22   2013) (plaintiffs alleged that the product "sold at a premium because they are labeled 'natural'").

23        That leaves plaintiff to claim that she was harmed because, absent the alleged false

24   advertising, she would have purchased her batteries from a competitor battery manufacturer.[5]  But

25   _____

26   [5]     Plaintiff does not allege that her harm consists merely of purchasing a battery that has the
     potential to leak.  As noted, Duracell is not aware of any case holding that to be enough.
27   Moreover, if that could otherwise be enough, for that theory to work, she would have to allege
     either that competitor batteries are available that do not leak or that she would have opted to not
28   purchase any battery at all.  She makes no such allegations.  She is thus unlike the plaintiffs in

                                                                                          (continued)

                                                  Motion to Dismiss Amended Compl.
                                                  No. 14-cv-05028-LHK

that theory requires the existence of competitor batteries that were otherwise equivalent to Duracell batteries except that they either (1) did not have the same potential to leak, or (2) cost less.  If the competitor batteries cost as much as Duracell batteries and had the same potential to leak, plaintiff suffered no harm from purchasing from Duracell rather than the competitor. Plaintiff, however, alleges no facts supporting her theory of harm.  She does not allege that competitor batteries do not have the same potential to leak.  And, while she alleges that Duracell batteries cost more than some competitors' batteries, she does not identify the other batteries that are allegedly lower priced.  Nor does she allege any facts showing that any such lower-priced batteries are of comparable quality to Duracell batteries with respect to such things as life in storage, longevity in use, warranties, brand reputation, power and other features that influence consumers when purchasing batteries.  She alleges only that the alternative batteries are "similarly sized."  But merely being the same size does not mean the competitor's batteries are sufficiently comparable that it is plausible she would purchase them rather than Duracell batteries, even though both have the same potential for leakage.

In short, if competitor batteries were in fact available that either have no potential for leakage or that plaintiffs would have been willing to purchase despite such potential because they cost less, plaintiffs are required to allege facts showing as much.  Absent such facts, they have not alleged the "factual content" necessary to state a valid claim, even under the general pleading standard, let alone under the higher standard under Rule 9(b) that governs her claim.  *Iqbal*, 556 U.S. at 678; *Doe v. SuccessfulMatch.com*, No. 13-CV-03376-LHK, 2014 WL 4954701, at *9-10 (N.D. Cal. Sept. 30, 2014) (applying Rule 9(b) to allegations of economic injury).  Instead, her boilerplate language is simply a "legal conclusion couched as a factual allegation" that this Court is not required to accept as true.  *Id.*

---

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011), who alleged that that they would opt to simply not purchase a product that was not "Made in the U.S.A."

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1    III.    PLAINTIFF'S UCL CLAIMS FOR UNLAWFUL AND UNFAIR CONDUCT ALSO

2            FAIL.

3            Plaintiff's claim under the "unlawful" prong of the UCL alleges that Duracell violated the

4    FAL and CLRA through its alleged false advertising.  Because Plaintiff has not stated a valid

5    claim under those statutes, her derivative claim under the UCL fails as well.  *Aleksick v. 7–*

6    *Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("When a statutory claim fails, a derivative

7    UCL claim also fails.").

8            Similarly, plaintiff's claim under the UCL "unfair" prong simply repeats plaintiff's false

9    advertising claim.  The only alleged unfair conduct is that Duracell "concealed" that Duracell

10   batteries have a propensity for premature leakage.  AC ¶ 48.  This claim fails for the same reasons

11   discussed above.

12   IV.     PLAINTIFF HAS NOT ALLEGED A VALID CLAIM FOR "UNJUST

13           ENRICHMENT."

14           Plaintiff's sixth cause of action for "Unjust Enrichment" must be dismissed for the same

15   reasons discussed above.  Plaintiff asserts that Duracell was unjustly enriched because Duracell

16   batteries were "not what Defendant purported them to be."  AC ¶ 85.  As discussed above, these

17   allegations fail to state an actionable wrong or any injury to plaintiff, and thus fail to state a claim

18   for relief under any theory.  *See Hill*, 195 Cal. App. 4th at 1307 ("Unjust enrichment is not a

19   cause of action, just a restitution claim.  There being no actionable wrong, there is no basis for

20   relief.") (citations omitted).

21           The unjust enrichment should also be dismissed because it is duplicative of plaintiff's

22   other claims.  Plaintiff alleges that Duracell "was enriched at the expense of Plaintiff" and that it

23   would be unjust for Duracell "to retain the benefit without restitution to Plaintiff."  AC ¶¶ 82, 85.

24   This alleged harm merely repeats plaintiff's allegations under her other theories.  *See, e.g.,*

25   AC ¶¶ 44, 50, 55.  See *Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL

26   6893715, at *2 (N.D. Cal. Dec. 8, 2014) (declining to reconsider dismissal of unjust enrichment

27   where plaintiff made no showing that "the damages figures for restitution and unjust enrichment

28   would be any different"); *Ivie v. Kraft Foods Global, Inc.*, No. C-12-02554-RMW, 2015 WL

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

1   183910, at *1 (N.D. Cal. Jan. 14, 2015) (same); *In re Apple & AT&T iPad Unlimited Data Plan*

2   *Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) ("[P]laintiffs cannot assert unjust enrichment

3   claims that are merely duplicative of statutory or tort claims"); *Diacakis v. Comcast Corp.*, No. C-

4   11-3002 SBA, 2012 WL 43649, at *6 (N.D. Cal. Jan. 9, 2012) (dismissing restitution claim

5   because restitution is already "available [as a] remedy under the UCL, FAL, and CLRA").[6]

6   ## V.      PLAINTIFF'S WARRANTY CLAIM IS MERITLESS.

7          Plaintiff's final cause of action is for breach of implied warranty of fitness for a particular

8   purpose.  This claim fails because plaintiff has not alleged that she had any particular purpose for

9   using Duracell batteries or that Duracell knew of any such purpose.

10          "An implied warranty of fitness for a particular purpose arises only where (1) the

11   purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller

12   at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the

13   seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the

14   seller at the time of contracting has reason to know that the buyer is relying on such skill and

15   judgment." *Keith v. Buchanan,* 173 Cal. App. 3d 13, 25 (1985).  "A particular purpose differs

16   from the ordinary purpose for which the goods are used in that it envisages *a specific use by the*

17   *buyer* which is peculiar to the nature of his business whereas the ordinary purposes for which

18   goods are used are those envisaged in the concept of merchantability and go to uses which are

19   customarily made of the goods in question." *Am. Suzuki Motor Corp. v. Superior Court,* 37 Cal.

20   App. 4th 1291, 1295 n. 2 (1995) (emphasis added) (internal quotation marks omitted).

21          Plaintiff alleges none of this.  She says that she purchased batteries "at various times" and

22   did not know that they could leak even if used as "intended."  AC ¶¶ 27-28.  And she alleges that

---

24   [6]      This Court and others have previously dismissed unjust enrichment claims on the ground
25   that California law does not recognize a stand-alone claim for unjust enrichment.  *See Brazil v.*
     *Dole*, 935 F. Supp. 2d at 966 (citing cases).  Duracell believes those decisions were correct and
     were not undermined by the Ninth Circuit's decisions in *Berger v. Home Depot USA, Inc.*, 741
26   F.3d 1061 (9th Cir. 2014) and *Ohno v. Yasuma,* 723 F.3d 984 (9th Cir. 2013), because the Ninth
27   Circuit did not analyze or rule directly on the question in those cases.  However, because the
     unjust enrichment claim here is invalid for the reasons discussed above, the Court need not rule
28   on that issue here.

Motion to Dismiss Amended Compl.
No. 14-cv-05028-LHK

it is implied in the sale of the batteries that "they would not leak during the intended use and/or storage of the batteries." *Id.* ¶ 90. But she nowhere alleges that her "intended" use was any different from the ordinary purposes for which batteries are used. She also does not allege that Duracell had any reason to know of any particular purpose she had for her batteries. Nor does she allege that she relied on Duracell to select batteries suitable for her particular purpose or that Duracell had reason to know of any such reliance. Her warranty claim accordingly fails.

### CONCLUSION

For the foregoing reasons, plaintiff's complaint should be dismissed.

Dated: March 31, 2015.                    JONES DAY


                                          By:  /s/ Craig E. Stewart
                                              Craig E. Stewart

                                          Counsel for Defendants THE GILLETTE
                                          COMPANY and THE PROCTER & GAMBLE
                                          CO.