1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENEE PUNIAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE GILLETTE COMPANY, et al.,<br><br>        Defendants. | Case No. 14-CV-05028-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Plaintiff Renee Punian ("Plaintiff") brings the instant lawsuit against Defendants The Gillette Company and Procter & Gamble Company ("Defendants"). *See* ECF No. 21 ("First Amended Complaint" or "FAC"). The gravamen of Plaintiff's allegations is that Defendants mislabeled packaging on Duracell Coppertop AA- and AAA-sized batteries with the statement that Defendants "guaranteed" such batteries would last 10 years in "storage," when in fact Defendants' batteries would not last for 10 years, and could damage any device in which the batteries were stored. FAC ¶¶ 16-26. Before the Court is Defendants' motion to dismiss six of the seven causes of action in Plaintiff's Complaint. ECF No. 28 ("Mot."). Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the motion to dismiss with leave to amend. The Court also *sua sponte* DISMISSES Plaintiff's remaining cause

1

United States District Court
Northern District of California

of action with leave to amend, for the reasons stated below.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a resident of San Jose, California. FAC ¶ 4. Defendant Procter & Gamble Company ("P&G") is an Ohio corporation with its principal place of business in Cincinnati, Ohio. *Id.* ¶ 5. Defendant The Gillette Company ("Gillette") is a Delaware corporation with its principal place of business in Boston, Massachusetts. *Id.* ¶ 6. Duracell, Inc. ("Duracell") is a manufacturer and seller of batteries, including alkaline batteries. *Id.* ¶ 10. Duracell was an independent company until April 21, 1999, when Gillette acquired and merged with Duracell. *Id.* ¶ 11. On October 1, 2005, P&G acquired Gillette, including the Duracell-branded consumer battery line. *Id.* Duracell currently operates as a division of P&G, and P&G continues to use the Duracell brand name for its line of consumer batteries. *Id.* ¶¶ 10-11.

At issue in the instant litigation is a feature known as the "Duralock Power Preserve Technology" ("Duralock"), which Defendants launched on June 1, 2012. *Id.* ¶ 14. Duralock batteries are marked with a "Duralock ring," and according to product packaging are guaranteed to last for 10 years while in storage. *Id.* According to an example of Duracell packaging for two AA-sized batteries provided in the First Amended Complaint, Defendants placed the phrase "Duralock Power Preserve" on the center-left side of the packaging. *Id.* ¶ 16. Adjacent to this phrase is the statement "Guaranteed for 10 years in storage." *Id.* Plaintiff in her Complaint also provided an example of Duracell packaging for 16 AA-sized batteries, which likewise features the phrase "Duralock Power Preserve" on the center-left side of the package, and the statement "Guaranteed for 10 years in storage" adjacent to it. *Id.* In addition, the package of 16 AA-sized batteries repeats the statement "Guaranteed for 10 years in storage" in the bottom center of the package. *Id.*

Plaintiff alleges that Defendants ran television and radio commercials advertising Duralock, and that one nationally-televised commercial stated that Duralock "locks in power up to ten years in storage guaranteed." *Id.* ¶ 18. According to Plaintiff, Defendant also issued a press release on June 1, 2012 which stated that with Duralock, "consumers will be more prepared than

United States District Court
Northern District of California

ever before to power the devices in their homes regardless of the situation—from remote controls and toys to clocks and garage door openers, and essential devices like smoke and carbon monoxide detectors." *Id.* ¶ 15.

Plaintiff alleges that despite Defendants' claim that Duralock "locks in power for up to ten years in storage," Duracell batteries "may leak when used or stored in a normal and expected manner" which causes the batteries to fail before the stated lifespan of 10 years. *Id.* ¶ 20. Plaintiff further alleges that Defendants "failed to disclose that its Duracell Batteries leak when not in use and the leakage can damage any device that the batteries are stored in." *Id.* ¶ 21. According to Plaintiff, Defendants' statements on product packaging and in commercials regarding Duralock would likely mislead reasonable consumers into believing that Duracell batteries with Duralock will last for 10 years without leakage. *Id.* ¶ 22. In addition, Plaintiff claims that Defendants "had knowledge of the problem of leakage in its AA and AAA batteries under normal conditions of use," due to "[n]umerous complaints filed directly with Defendants by consumers." *Id.* ¶ 24. Defendants allegedly "withheld critical information" about the leakage problem "to increase their sales and/or market share." *Id.* ¶ 25; *see also id.* ¶ 26 (alleging that Defendants "with specific knowledge of the leakage defect, did knowingly conceal pertinent facts from the ultimate consumer to enhance sales.").

According to the First Amended Complaint, Plaintiff purchased Duracell batteries with Duralock at "various times" for more than four years, most recently on August 15, 2014 at a retailer in San Jose, California. *Id.* ¶ 27. At some point "[p]rior to Plaintiff's purchase of the Duracell Batteries, Plaintiff saw the deceptive '10 Years Guaranteed' package label, saw TV advertising, and heard radio advertising regarding the Duralock guarantee and believed that the Duracell Batteries would not fail for ten years." *Id.* ¶ 28. Plaintiff further "did not know that the Duracell Batteries, despite their premium price, could leak even if used as intended." *Id.* Plaintiff contended that had she "known of the Duracell Batteries' potential to fail, leak and/or damage Plaintiff's electronics," Plaintiff "would not have purchased Duracell Batteries." *Id.*; *see also id.* ¶ 23 (alleging that Duracell batteries with Duralock "retail at a premium price compared to

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1   similarly sized AA and AAA batteries of competitors' products, which Plaintiff would have

2   purchased instead of the Duracell Batteries if Plaintiff had been informed or known of potential

3   failure due to leakage.").

4   **B. Procedural History**

5       On November 13, 2014, Plaintiff filed the instant lawsuit in which Plaintiff alleged seven

6   causes of action. ECF No. 1. On January 20, 2015, Plaintiff filed the First Amended Complaint,

7   which added additional factual allegations but left Plaintiff's causes of action unchanged. *See*

8   FAC. As to Plaintiff's causes of action, Plaintiff alleged the following: (1) a cause of action under

9   California's False Advertising Law ("FAL"), California Civil Code §§ 17500, *et seq.*, based on the

10  contention that Defendants' advertising and marketing representations were "false, misleading,

11  and deceptive," because Defendants "concealed material information from consumers about the

12  [batteries'] potential for leakage, corrosion and device damage," *id.* ¶ 59; (2) a cause of action

13  under the Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, based on the

14  allegation that "Defendants' representations to Plaintiff" that Duracell batteries with Duralock

15  "would not leak for 10 years, when stored or used as intended, were false, willful, oppressive, and

16  fraudulent," *id.* ¶ 74; (3) a violation of the unlawful prong of California's Unfair Competition Law

17  ("UCL"), Business and Professions Code §§ 17200 *et seq.*, based on Defendants' violations of the

18  FAL and the CLRA; (4) a violation of the unfair prong of the UCL, based on Defendants "luring

19  Plaintiff and Class members into buying Duracell Batteries with Duralock" by concealing the

20  alleged product defect, *id.* ¶ 54; (5) a violation of the fraudulent prong of the UCL, based on

21  Defendants "concealing [Duracell batteries'] propensity for premature leakage and corrosion," *id.*

22  ¶ 54; (6) a cause of action for unjust enrichment based on the causes of action under the FAL, the

23  CLRA, and the UCL, *id.* ¶¶ 80-86; and (7) a cause of action for breach of implied warranty of

24  fitness for a particular purpose, *id.* ¶¶ 87-91.

25      In addition to her causes of action, Plaintiff sought to represent two classes: a class of "[a]ll

26  purchasers in California who bought Duracell Coppertop AA and AAA batteries with Duralock

27  beginning June 1, 2012 through the date of notice," and a subclass under the CLRA defined as

28

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   "[a]ll Class members who purchased Duracell Coppertop AA and AAA batteries with Duralock

2   beginning June 1, 2012 through the date of notice for personal, family or household purposes." *Id.*

3   ¶¶ 29-30.

4       On March 31, 2015, Defendants filed the instant Motion. *See* Mot. In the Motion,

5   Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the following

6   causes of action: (1) the FAL cause of action; (2) the CLRA cause of action; (3) the cause of

7   action brought under the unlawful prong of the UCL; (4) the cause of action brought under the

8   unfair prong of the UCL; (5) the cause of action for unjust enrichment; and (6) the cause of action

9   for breach of implied warranty of fitness for a particular purpose. *Id.* at 6-16. The only cause of

10   action Defendants did not move to dismiss was Plaintiff's cause of action under the fraudulent

11   prong of the UCL. *See id*. In conjunction with the Motion, Defendants filed a supporting

12   declaration and request for judicial notice. Declaration of Darren Cottriel in Support of

13   Defendants' Motion to Dismiss and in Support of Request for Judicial Notice, ECF No. 29

14   ("Cottriel Decl."). On May 29, 2015, Plaintiff filed an opposition.[1] ECF No. 35 ("Opp'n").

15   Plaintiff also filed a request for judicial notice. ECF No. 36. On July 17, 2015, Defendants filed a

16   reply. ECF No. 38 ("Reply").

17   ## II.  LEGAL STANDARDS

18   ### A.  Rule 12(b)(6)

19       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

20   action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

21   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

22   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

23   defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

24   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

25   

26   [1] On April 3, 2015, the parties filed a stipulation regarding the briefing schedule for the instant
   Motion. ECF No. 32. The parties stipulated that Plaintiff would have until May 29, 2015 to file an

27   opposition, and Defendants would have until July 17, 2015 to file a reply. *Id.* at 1. The Court
   hereby GRANTS the stipulation.

28   5

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, the court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995). Furthermore, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Moreover, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997) (internal citation omitted).

### B. Rule 9(b)

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Rule 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard of Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). The plaintiff must set forth what is false or misleading about a statement, and why it is false. *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharmaceutical Corp.*, 927 F. Supp. 1297, 1309 (C.D. Cal. 1996).

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

### C.  Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citation omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

### III. DISCUSSION

### A.  Defendants' and Plaintiff's Request for Judicial Notice

The Court first addresses the parties' respective requests for judicial notice. As previously discussed, although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents attached to or incorporated in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, Defendants request judicial notice of photographs of the front and rear of two packages containing eight AA-sized Duracell batteries with Duralock. Mot. at 7 n.3; Exhibit A to Cottriel Decl. Defendants purchased the two packages of batteries on March 15, 2015 from a store in Laguna Niguel, California. Cottriel Decl. ¶ 2. Defendants argue that the Court may properly take judicial notice of these photographs because the packages of batteries are "materials alleged

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

in [Plaintiff's] complaint." Mot. at 7 n.3.

The Court finds that Defendants' request for judicial notice is improper. It is true that a court may take judicial notice of documents "attached to the complaint" or "documents incorporated by reference in a complaint." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, judicial notice is only appropriate if, among other things, "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, Defendants request judicial notice of the packaging for Duracell batteries purchased more than four months after Plaintiff filed the instant litigation, and two months after Plaintiff filed her First Amended Complaint. Furthermore, Defendants request judicial notice of battery packaging that contains a different quantity of batteries than the packaging Plaintiff incorporates into the First Amended Complaint. *See* Exhibit A to Cottriel Decl. (requesting judicial notice of packaging for eight AA-sized Duracell batteries); FAC ¶ 16 (showing examples of packaging for two AA-sized Duracell batteries, and sixteen AA-sized Duracell batteries).  As Plaintiff argues correctly in her Opposition, Defendant provides no evidence suggesting that the subject of Defendants' request for judicial notice accurately reflects the packaging for Duracell batteries with Duralock that were purchased by Plaintiff or any putative class member. *See* Opp'n at 7. Accordingly, the Court DENIES Defendants' request for judicial notice. *See Eisenberg*, 593 F.3d at 1038 (judicial notice of documents appropriate only if "the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

The Court now turns to Plaintiff's request. First, Plaintiff requests judicial notice of two printouts containing customer reviews from Defendants' websites of AA, AAA, C, D and 9-volt sized Duracell batteries. *See* ECF Nos. 37-1 & 37-2. Second, Plaintiff requests judicial notice of an information sheet about Duracell batteries which Plaintiff accessed on a separate website operated by Defendants. *See* ECF No. 37-3.

The Court finds that taking judicial notice of Plaintiff's documents would also be improper. The sole basis that Plaintiff proffers in support of her request for judicial notice is that

United States District Court
Northern District of California

8

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

these documents are "straight from Defendants' own webpages." ECF No. 36, at 2. However,

"[f]ederal courts considering the issue have expressed skepticism as to whether it is appropriate to

take judicial notice of information or documents" from websites when the sole justification for

judicial notice is that the information or documents "appear[] on websites that are created and

maintained by a party to the litigation." *Gerritsen v. Warner Bros. Entm't Inc.*, No. CV 14-03305

MMM CWX, 2015 WL 4069617, at *10 (C.D. Cal. Jan. 30, 2015) (citing and collecting authority,

and declining to take judicial notice of websites created by the defendant); *Scanlan v. Tex. A&M

Univ.*, 343 F.3d 533, 537 (5th Cir. 2003) (holding district court should not take notice of "a

defendant-created report" posted on the Internet); *accord Fraley v. Facebook, Inc.*, 830 F. Supp.

2d 785, 795 (N.D. Cal. 2011) (taking judicial notice of document titled "Statement of Rights and

Responsibilities" from defendant's website where that document was cited in the complaint, but

otherwise denying request for judicial notice of other webpages created by defendant).

Accordingly, the fact that the subject of Plaintiff's request for judicial notice is from Defendants'

website is not, standing alone, a sufficient basis for this Court to grant the request.

　　　　Furthermore, although Plaintiff does not explicitly raise the argument, the Court finds that

the First Amended Complaint does not incorporate by reference any of the documents of which

Plaintiff requests judicial notice. *See Eisenberg*, 593 F.3d at 1038 (judicial notice of a document

may be proper if, *inter alia*, the document is incorporated by reference into the complaint). A

document may be incorporated by reference "in situations where the complaint necessarily relies

upon a document or the contents of the document are alleged in a complaint." *Id.* "The doctrine of

incorporation by reference may apply, for example, when a plaintiff's claim about insurance

coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud

is based on the contents of SEC filings." *Ritchie*, 342 F.3d at 908 (internal citations omitted).

However, "the mere mention of the existence of a document is insufficient to incorporate the

contents of a document." *Eisenberg*, 593 F.3d at 1038.

　　　　Here, as to the two printouts of consumer complaints posted on Defendants' website, *see*

ECF Nos. 37-1 & 37-2, the Court finds that these documents are not incorporated by reference

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

into the First Amended Complaint. Plaintiff does allege the existence of "[n]umerous complaints filed directly with Defendants by consumers." FAC ¶ 24. However, Plaintiff does not otherwise detail where those complaints were filed, on what dates, their specific content, or any other details to link the consumer complaints referenced in the First Amended Complaint to the documents of which Plaintiff now requests judicial notice. Furthermore, reference to the existence of consumer complaints is insufficient to incorporate the contents of those complaints into the First Amended Complaint. *See Eisenberg*, 593 F.3d at 1038. As to the information sheet, *see* ECF No. 37-3, the First Amended Complaint does not incorporate or refer to this document. Accordingly, the Court DENIES Plaintiff's request for judicial notice in its entirety.

### B. Motion to Dismiss

The Court now turns to the instant Motion. Defendant moves to dismiss six of Plaintiff's seven causes of action on multiple grounds, which the Court briefly summarizes here. With respect to Plaintiff's cause of action pursuant to the FAL and the CLRA, Defendants attacks these claims in three ways. First, Defendants argue that Plaintiff fails to allege any actionable affirmative misrepresentations on the part of Defendants because Plaintiff fails to allege that any representation was actually false, or that Plaintiff relied on certain materials, such as advertising or the press release issued by Defendants. Mot. at 6-7. Defendants also contend that some of the statements which Plaintiff alleges are false are "non-actionable puffery." *Id.* at 7-8. Second, Defendants argue that Plaintiff fails to allege a cognizable non-disclosure claim because Plaintiff fails to allege that the batteries Plaintiff purchased were actually defective, that Defendants had a duty to disclose any facts to Plaintiff, or that Duracell even knew of any alleged defect. *Id.* at 9-11. Third, Defendants move to dismiss Plaintiff's claims under the FAL and the CLRA on the grounds that Plaintiff fails to allege she suffered an "economic injury" sufficient to confer Plaintiff standing under the relevant state statutes or Article III. Mot. at 12-14.

Defendants also move to dismiss Plaintiff's causes of action under the unlawful and unfair prongs of the UCL, and Plaintiff's cause of action for unjust enrichment, on the grounds that these

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

1    claims are derivative of Plaintiff's deficient FAL and CLRA claims.[2] *Id.* at 15-16. Finally,

2    Defendants move to dismiss Plaintiff's cause of action for breach of implied warranty of fitness

3    for a particular purpose because Defendants argue that Plaintiff fails to allege the requisite

4    elements of such a claim. Mot. at 16.

5         The Court will first address Defendants' arguments regarding standing, and then turn to

6    Defendants' arguments for dismissal of the causes of action brought pursuant to the FAL, the

7    CLRA, and the unlawful prong of the UCL. Finally, the Court will discuss the sufficiency of

8    Plaintiff's remaining causes of action.

9         **1.  Constitutional and Statutory Standing**

10        As previously discussed, Defendants argue that Plaintiff lacks standing under the UCL, the

11   FAL, and the CLRA, as well as Article III. Mot. at 12-14. Specifically, Defendants contend that

12   Plaintiff fails to allege facts showing she suffered any cognizable economic injury. *Id.* at 12.

13        **a.  Legal Standard**

14             **i.  Article III Standing**

15        To have Article III standing, a plaintiff must plead and prove that he or she has suffered

16   sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S.

17   Constitution. *See Clapper v. Amnesty Int'l*, — U.S. —, 133 S. Ct. 1138, 1146 (2013) ("'One

18   element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have

19   standing to sue.'") (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To show Article III

20   standing, a plaintiff must allege: (1) injury-in-fact that is concrete and particularized, as well as

---

[2] With respect to Plaintiff's cause of action for unjust enrichment, Defendants originally moved in the alternative to dismiss this claim because "it is duplicative of plaintiff's other claims." Mot. at 15. After Defendants filed the instant Motion, the Ninth Circuit issued its opinion in *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015). In *Astiana*, the Ninth Circuit held in relevant part that to the extent a district court dismisses a claim of unjust enrichment because "it was duplicative of or superfluous to [a plaintiff's] other claims, this is not grounds for dismissal." *Id.* at 762. In Defendants' Reply, Defendants state that in light of *Astiana*, Defendants "no longer seek[] dismissal on [the] alternative ground that the cause of action" for unjust enrichment "is duplicative." Reply at 7. Instead, Defendants state that they only moved to dismiss the cause of action for unjust enrichment because of "plaintiff's inability to plead a valid false advertising claim," which "is fatal to all of her causes of action." *Id.* at 8.

11

United States District Court
Northern District of California

1   actual and imminent; (2) that is fairly traceable to the challenged action of the defendant; and (3)

2   redressable by a favorable ruling. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149

3   (2010). "The party invoking federal jurisdiction bears the burden of establishing these elements."

4   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

5              **ii.  Statutory Standing**

6              Here, because Plaintiff alleges causes of action under the FAL, the CLRA, and the UCL's

7   unlawful, unfair, and fraudulent prongs, Plaintiff must also demonstrate standing under those

8   statutes. *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1086 (N.D. Cal. 2013). To have

9   standing under the FAL and the CLRA, a plaintiff must claim, *inter alia*, to have relied on an

10  alleged misrepresentation. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011)

11  (plaintiff alleging a claim under the FAL must allege, *inter alia*, "that that economic injury was

12  the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen

13  of the claim") (emphasis in original); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367

14  (2010) (finding plaintiff's CLRA claim failed because plaintiff failed to allege facts showing that

15  he relied on any representation by defendant).

16             In addition under the UCL, a private person has standing only if he or she "has suffered

17  injury in fact *and* has lost money or property as a result of the unfair competition." Cal. Bus. &

18  Prof. Code § 17204 (emphasis added). Similarly, to have standing to bring a cause of action under

19  the FAL, a plaintiff must "establish a loss or deprivation of money or property sufficient to qualify

20  as injury in fact, i.e., *economic injury.*" *Kwikset*, 51 Cal. 4th at 322 (emphasis in original).

21  Likewise, for the purpose of bringing a CLRA cause of action, "[a] plaintiff . . . must not only be

22  exposed to an unlawful practice but also have suffered some kind of damage." *Bower v. AT & T*

23  *Mobility, LLC*, 196 Cal. App. 4th 1545, 1556 (2011).

24             **b.  Discussion**

25             The Court finds that Plaintiff's allegations suffice to confer Article III standing. In the First

26  Amended Complaint, Plaintiff alleges that she purchased Duracell batteries with Duralock, that

27  "[p]rior to Plaintiff's purchase of the Duracell Batteries, Plaintiff saw the deceptive '10 Years

12

United States District Court
Northern District of California

Guaranteed' package label," and that as a result Plaintiff "believed that the Duracell Batteries would not fail for 10 years." FAC ¶¶ 4, 28. Plaintiff further alleges that she "did not know that the Duracell Batteries, despite their premium price, could leak even if used as intended" and that such batteries could thereby fail before the purported 10-year lifespan. *Id.* ¶ 28. Plaintiff also alleges that had she known that Defendants' representation regarding the lifespan of Defendants' product was untrue, Plaintiff "would not have purchased Duracell Batteries" at the premium price that Defendants charge for such products. *Id.*; *see also id.* ¶ 23 (alleging that "Duracell Batteries retail at a premium price compared to similarly sized AA and AAA batteries of competitors' products, which Plaintiff would have purchased instead of the Duracell Batteries if Plaintiff had been informed or known of potential failure due to leakage."). Thus, Plaintiff has alleged injury-in-fact—specifically by claiming that she purchased Duracell batteries with Duralock that she would not otherwise have purchased—that is traceable to Defendants' conduct—namely, that Plaintiff relied on Defendants' misrepresentation on the package label in making her purchasing decision. Furthermore, this injury is redressable by a ruling of this Court. Other courts, including this Court, have found that similar allegations are sufficient to confer Article III standing. *See, e.g.*, *Bruton*, 961 F. Supp. 2d at 1088 (plaintiff sufficiently alleged Article III standing where plaintiff claimed "that she paid for products that she would not otherwise have purchased" and "relied on Defendants' misrepresentations in making her purchasing decisions"); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 961 (N.D. Cal. 2013) ("Essentially, Brazil alleges that he and class members 'spent money that, absent defendants' actions, they would not have spent,' which constitutes 'a quintessential injury-in-fact.'") (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011)); *cf. Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 846-47 (N.D. Cal. 2012) ("Overpaying for goods or purchasing goods a person otherwise would not have purchased based upon alleged misrepresentations by the manufacturer would satisfy the injury-in-fact and causation requirements for Article III standing.").

In addition, the Court finds that Plaintiff has plausibly alleged reliance and causation for the purpose of statutory standing under the UCL, the FAL, and the CLRA. "A plaintiff may

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1   establish that the defendant's misrepresentation is an 'immediate cause' of the plaintiff's conduct

2   by showing that in its absence the plaintiff 'in all reasonable probability' would not have engaged

3   in the injury-producing conduct." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (quoting

4   *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1110-11 (1993)). In addition, "while a plaintiff must allege

5   that the defendant's misrepresentations were an immediate cause of the injury-causing conduct,

6   the plaintiff is not required to allege that those misrepresentations were the sole or even the

7   decisive cause of the injury-producing conduct." *Id.* at 328.

8          Here, Plaintiff alleges that she "saw the deceptive '10 Years Guaranteed' package label"

9   prior to purchasing Duracell batteries with Duralock, that Plaintiff accordingly "believed that the

10  Duracell Batteries would not fail for ten years," and that based on this belief Plaintiff purchased

11  batteries she otherwise would not have. FAC ¶ 28. Plaintiff further alleges that she reasonably

12  relied on Defendants' 10-year guarantee because "Defendants' Duralock claims were placed

13  directly on the front of the products' packaging," and because "consumers typically don't spend a

14  large amount of time thinking about batteries." *Id.* ¶¶ 22, 25. Plaintiff also alleges that her reliance

15  on Defendants' representations was reasonable for the additional reason that the "deception occurs

16  directly at the point of sale when it is most likely to affect a consumer's purchasing decision." *Id.*

17  ¶ 22. This Court has found similar allegations sufficient to confer standing under the UCL, the

18  FAL, and the CLRA. *See Gerber*, 961 F. Supp. 2d at 1089 (allegations that Plaintiff "read and

19  reasonably relied on Defendants' labels" when "making her decision to purchase Defendants'

20  products," and that "based on Defendants' labeling claims, Plaintiff believed that the products

21  were a better and healthier choice than other available products," sufficient to confer standing

22  under the UCL, the FAL, and the CLRA). Furthermore, because Plaintiff here "alleged what a

23  reasonable consumer may find to be false and misleading" about the Defendants' labeling

24  practices, the Court finds that these claims also satisfy Rule 9(b)'s heightened pleading

25  requirement. *Id.*; *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (holding

26  that, in addition to alleging the time, place, and content of an alleged misrepresentation, a

27  "plaintiff must set forth what is false or misleading about a statement, and why it is false. In other

28  

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1  words, [a] plaintiff must set forth an explanation as to why the statement or omission complained

2  of was false or misleading.").

3      In the Motion to Dismiss, Defendants argue that "the cases finding economic injury based

4  simply on the plaintiff having purchased the product or paying a 'premium price' have involved

5  representations about (or a failure to disclose) a physical characteristic of the product, such as its

6  content or how it was made." Mot. at 12. Defendants argue that in those cases, the plaintiffs

7  asserted plausible claims of economic injury because the claimants "received something different

8  from what was advertised." *Id.* at 13. Defendants then contend that here, Plaintiff fails this test

9  because Plaintiff "does not allege that any of the batteries she purchased leaked or otherwise failed

10  to perform." *Id.* at 12.

11      This argument misses the mark. The inquiry for Article III standing purposes is whether

12  "plaintiffs spent money that, absent defendants' actions, they would not have spent," which "is a

13  quintessential injury-in-fact." *Maya*, 658 F.3d at 1069. Relatedly, to determine standing pursuant

14  to the UCL, the FAL, and the CLRA, the Court must look to whether a plaintiff establishes "that

15  the defendant's misrepresentation is an immediate cause of the plaintiff's conduct by showing that

16  in its absence the plaintiff in all reasonable probability would not have engaged in the injury-

17  producing conduct." *In re Tobacco II Cases*, 46 Cal. 4th at 326. As already discussed, Plaintiff's

18  allegations satisfy both these standards for standing, which is all Plaintiff must show at this stage

19  in the litigation. Furthermore, construing the pleadings in the light most favorable to the

20  Plaintiff—as the Court must in ruling on a 12(b)(6) motion to dismiss, *Manzarek*, 519 F.3d at

21  1031—Plaintiff does allege that she "received something different from what was advertised."

22  Mot. at 13. Specifically, Plaintiff alleges that she paid a premium for Duracell batteries with

23  Duralock because she believed that such batteries were guaranteed not to fail for 10 years. *See*

24  FAC ¶ 28 (alleging that Plaintiff saw the "10 Years Guaranteed" package label, believed that "the

25  Duracell Batteries would not fail for ten years," and based her purchasing decision thereon).

26  However, Plaintiff further alleges that the batteries she purchased were in fact not guaranteed to

27  last 10 years because they had the potential to fail early. *See id.* ¶ 23 (alleging that Duracell

28

15

United States District Court
Northern District of California

1   batteries with Duralock suffered from "potential failure due to leakage" prior to the purported 10-

2   year lifespan). In short, Plaintiff alleges that she received something different from what was

3   advertised.

4          Defendants also argue that Plaintiff fails to show economic injury because Plaintiff "does

5   not allege that, absent the alleged false advertising, she would have purchased Duracell batteries

6   but at a lower price." Mot. at 13. In addition, Defendants argue that to the extent Plaintiff alleges

7   she would have purchased a competitor's batteries, Plaintiff's allegations fail to "identify the other

8   batteries that are allegedly lower priced," or allege that comparable "competitor batteries . . . were

9   otherwise equivalent to Duracell batteries" but "did not have the same potential to leak." Mot. at

10  13-14. However, Defendants cite no authority which holds that these specific allegations are

11  required to confer standing under Article III or the UCL, the FAL, and the CLRA. Indeed, as

12  already discussed, Plaintiff's allegations here are comparable to other cases in which courts have

13  found standing under both Article III and the applicable California statutes. *See, e.g.*, *Brazil*, 935

14  F. Supp. 2d at 961-62 (plaintiff pled standing under Article III where plaintiff alleged he

15  "purchas[ed] products he would not have otherwise purchased had he known the truth about

16  Defendants' unlawful labeling practices and actions," and that plaintiff "pa[id] an unwarranted

17  premium due to Defendants' false and misleading labels") (internal alterations omitted); *Carrea v.*

18  *Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 WL 159380, at *2 (N.D. Cal. Jan.

19  10, 2011) (plaintiff alleged sufficient facts to support standing under the UCL, the FAL, and the

20  CLRA where plaintiff claimed that he paid a "premium price for . . . products based on the

21  misrepresentations" on the product labels, and that plaintiff "relied on Defendants' misleading and

22  deceptive statements on the packaging" in making his purchasing decision); *Jou v. Kimberly-Clark*

23  *Corp.*, No. C-13-03075 JSC, 2013 WL 6491158, at *3 (N.D. Cal. Dec. 10, 2013) (plaintiffs'

24  allegations sufficient to find standing under Article III, the UCL, the FAL, and the CLRA where

25  plaintiffs alleged that "they would not have purchased the products if they did not include the

26  alleged misrepresentations" and that the products sold at a premium because of the mislabeling).

27         For the reasons stated above, the Court finds that the allegations in the First Amended

28
Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    Complaint are sufficient to show that Plaintiff has standing under Article III, as well as the UCL,

2    the FAL, and the CLRA.

3        **2.  Sufficiency of the Pleadings as to Causes of Action Brought Under the FAL, the
         CLRA, and the Unlawful Prong of the UCL**

4        In addition to their standing argument, Defendants assert that Plaintiff's allegations in

5    support of the causes of action under the FAL, the CLRA, and the unlawful prong of the UCL are

6    legally insufficient for two other reasons. First, Defendants argue that Plaintiff fails to allege

7    Defendants made any actionable affirmative misrepresentations because Plaintiff does not allege

8    that any representations were actually false or that Plaintiff relied on Defendants' press release or

9    advertising in making her purchasing decision. Mot. at 7. Defendants also argue that some of the

10   statements Plaintiff singles out as misrepresentations are non-actionable puffery. *Id.* at 7-8.

11   Second, Defendants contend that Plaintiff fails to allege a valid non-disclosure claim because

12   Plaintiff fails to allege sufficient facts to show that any problem with the Duracell batteries with

13   Duralock is caused by an actual product defect. *Id.* at 10-11. Furthermore, Defendants argue that

14   even assuming a defect exists, Plaintiff fails to allege any facts showing that Defendants were

15   aware of, or had actual knowledge of, such a defect. *Id.* at 11-12. As discussed below, the Court

16   agrees with Defendants that Plaintiff fails to sufficiently allege that Defendants had knowledge of

17   any defect in the Duracell batteries with Duralock, which is fatal to Plaintiff's claims brought

18   under the FAL, the CLRA, and the unlawful prong of the UCL. Consequently, the Court need not

19   address Defendants' alternate grounds for dismissal of these claims.

20       "[U]nder the CLRA, plaintiffs must sufficiently allege that a defendant was aware of a

21   defect at the time of sale to survive a motion to dismiss." *Wilson v. Hewlett Packard Co.*, 668 F.3d

22   1136, 1145 (9th Cir. 2012). Similarly, a plaintiff bringing a claim under the FAL must allege

23   sufficient facts to show that a defendant knew that any allegedly false or misleading statements

24   were false or misleading when made. *In re Sony Grand Wega KDF-E A10/A20 Series Rear

25   Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010); *see also Rice v.

26   Sunbeam Products, Inc.*, No. CV 12-7923-CAS-AJWX, 2013 WL 146270, at *10 (C.D. Cal. Jan.

27

28
Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

7, 2013) (dismissing FAL claim as legally insufficient because "plaintiff fails to adequately allege defendant's knowledge of the purported defect."). Finally where, as here, a plaintiff brings a cause of action under the unlawful prong of the UCL which is predicated on a cause of action under the CLRA or the FAL, the "UCL claim also requires that [plaintiff] allege [defendant's] knowledge of a defect." *Wilson*, 668 F.3d at 1145.

    As a preliminary matter, the Court notes that both Plaintiff and Defendants appear to agree that the heightened pleading standards of Rule 9(b) apply to Plaintiff's allegation regarding Defendants' awareness or knowledge of the alleged defect. Opp'n at 9-10; Mot. at 5-6, 11-12. The parties are correct that, because Plaintiff's causes of action under the CLRA, the FAL, and the UCL are premised on the allegation that Defendants knew of and concealed a product defect, Plaintiff alleges Defendants engaged in a course of fraudulent conduct such that Plaintiff's claims are subject to Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (Rule 9(b) applies to civil claims "grounded in fraud" or that "sound in fraud"); *see also* FAC ¶ 59 (Plaintiff's FAL claim alleging that Defendants' advertising and marketing representations regarding Duracell batteries with Duralock were "false, misleading, and deceptive" because Defendants "concealed material information from consumers about the potential for leakage, corrosion, and device damage"); *id.* ¶ 74 (Plaintiff's CLRA claim alleging that Defendants' representations and conduct were "fraudulent"); *id.* ¶ 42 (Plaintiff's cause of action under the unlawful prong of the UCL, alleging Defendants' conduct was unlawful because it violated the FAL and the CLRA). However, Rule 9(b) provides that while allegations regarding "fraud or mistake" must be alleged with "particularity," "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This does not mean that conclusory allegations regarding a defendants' knowledge will suffice. "Rather, Rule 9(b) merely excuses a party from pleading scienter under an elevated pleading standard; the 'less rigid—though still operative—strictures of Rule 8 must be satisfied.'" *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1144 (N.D. Cal. 2010), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011) (applying pleading standards of Rule 9(b) to UCL and CLRA

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1   claims based on misrepresentations and non-disclosures, but applying Rule 8 to allegations

2   regarding defendant's knowledge of a defect) (quoting *Iqbal*, 556 U.S. at 687). Accordingly, the

3   Court finds that Rule 8, and not Rule 9(b), governs allegations regarding Defendants' knowledge

4   of the defect in Duracell batteries with Duralock.

5   Even under the less stringent standard of Rule 8, the Court finds that Plaintiff does not

6   sufficiently allege knowledge of any product defect on the part of Defendants. Plaintiff's sole

7   allegation regarding Defendants' knowledge of a defect is that consumers filed "numerous

8   complaints" with Defendants.[3] FAC ¶ 24. However, the Ninth Circuit has "expressed doubt that

9   customer complaints in and of themselves adequately support an inference that a manufacturer

10  was aware of a defect" for liability under the CLRA because general allegations of consumer

11  complaints "provide no indication whether the manufacturer was aware of the defect *at the time of*

12  *sale*." *Wilson*, 668 F.3d at 1147 (internal alterations omitted and emphasis in original); *see also*

13  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 n.9 (N.D. Cal. 2008) *aff'd*, 322 F.

14  App'x 489 (9th Cir. 2009) (holding that, in dismissing CLRA claim, "[r]andom anecdotal

15  examples of disgruntled customers posting their views on websites" did not establish knowledge

16  of an alleged defect where there were no other "allegations that [the defendant] knew of the

17  customer complaints at the time plaintiff bought his computer."). Similarly, courts have held that,

18  with respect to a FAL claim, "[v]aguely alleging awareness of customer complaints, without any

19  factual detail, does not suffice to demonstrate that [a] defendant should have known about the

20  falsity of its alleged representations" when those representations were made. *Rice*, 2013 WL

21  146270, at *10.

22  Accordingly, when courts have found that a defendant had knowledge of a product defect,

23  such courts have required additional allegations besides general consumer complaints to suggest

24  that a defendant had knowledge of a product defect at the time of sale (for purposes of stating a

25  _____

26  [3] Plaintiff requests judicial notice of two printouts containing customer reviews of AA, AAA, C
    and 9-volt sized Duracell batteries posted on Defendants' websites. *See* ECF Nos. 37-1 & 37-2. As

27  previously discussed, the Court denied Plaintiff's request for judicial notice of these documents.
    *See* Section III.A., *supra*.

28
    Case No. 14-CV-05028-LHK
    ORDER GRANTING MOTION TO DISMISS

viable CLRA claim), *Wilson*, 668 F.3d at 1147, or had knowledge that a representation was false or misleading at the time the representation was made (for purpose of stating a viable FAL claim), *Rice*, 2013 WL 146270, at *10; *accord Kowalsky v. Hewlett-Packard Co.*, No. 10-CV-02176-LHK, 2011 WL 3501715, at *4 (N.D. Cal. Aug. 10, 2011) (plaintiff sufficiently alleged knowledge of a defect in support of CLRA cause of action where plaintiff claimed: (1) industry standards required multiple tests of defective product; (2) the defendant made specific claims as to the capacity and speed of its allegedly defective product; (3) the alleged product defect was present "out of the box" in every product and "manifested on a regular basis"; and (4) "consumers complained of the defect both in third-party fora as well as directly to [the defendant]."); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1097 (N.D. Cal. 2007) (finding plaintiff adequately alleged knowledge of a defect in support of CLRA cause of action where, in addition to alleging that consumers made complaints to defendant, the plaintiff also alleged the defendant had knowledge of other information showing a product defect at the time of sale, including "information unavailable to the public"). Indeed, as this Court has previously held, while "in some cases, allegations of consumer complaints posted on a defendant's own customer support website may be sufficient to raise a reasonable inference that the defendant knew of a product defect," such cases must typically be supported by "an additional basis for defendant's knowledge" of a defect, either at the time of sale (for a CLRA claim) or at the time the defendant made a false or misleading representation (for a FAL claim). *Kowalsky*, 771 F. Supp. 2d at 1145, 1151. For instance, an "additional basis" for defendant's knowledge of a defect could be an allegation that the defendant knew of a defect from internal testing. *Id.* at 1145.

By way of another example, in *Herremans v. BMW of North America, LLC*—the only case Plaintiff cites in support of her argument—the plaintiff there alleged other facts in addition to consumer complaints to support the claim that the defendant knew of a vehicular defect "at the time [plaintiff] purchased her vehicle." No. CV 14-02363 MMM PJWX, 2014 WL 5017843, at *9 (C.D. Cal. Oct. 3, 2014). Specifically, the plaintiff in *Herremans* alleged, in addition to the defendant receiving "numerous consumer complaints" which pre-dated plaintiff's purchase of the

20

1    vehicle, that (1) the defendant learned of the defect through internal testing, pre-release testing

2    data, and repair records; and (2) the defendant embarked on a redesign of the defective part which,

3    "given the extensive research necessary to redesign the part, and the redesign effort undertaken,"

4    implied that the defendant was aware of the defect before the plaintiff purchased the defective

5    vehicle. *Id.* at *2, 9. In contrast, here Plaintiff's factual allegation as to Defendants' knowledge of

6    the alleged defect consists solely of "[n]umerous complaints filed directly with Defendants by

7    consumers." [4] FAC ¶ 24.

8         The Court is "sensitive to the fact that Plaintiff is unlikely to have access to" certain types

9    of evidence such as internal product testing that might support Defendants' knowledge of a defect,

10   at least until Plaintiff obtains discovery. *Kowalsky*, 771 F. Supp. 2d at 1146. Nevertheless, both the

11   Ninth Circuit and the weight of District Courts in this Circuit that have addressed the question

12   have held that a generalized allegation of consumer complaints, standing alone, is typically

13   insufficient to show knowledge of a product defect either at the time of sale or when any allegedly

14   false or misleading representations were made. *See Wilson*, 668 F.3d at 1147. Plaintiff cites no

15   authority to the contrary.

16        For the reasons stated above, the Court finds that Plaintiff fails to allege that Defendants

17   had knowledge of any product defect either at the time of sale, or when any allegedly false

18   representations were made. Thus the Court GRANTS Defendants' motion to dismiss Plaintiff's

19   causes of action under the CLRA, the FAL, and the unlawful prong of the UCL. However,

20   because Plaintiff may cure the deficiency identified herein by alleging additional facts, the Court

21   grants Plaintiff leave to amend. *See Lopez*, 203 F.3d at 1127 (leave to amend should be "freely

22   given when justice so requires").

23

24

25   _____

26   [4] In her Opposition, Plaintiff argues that an information sheet on Defendants' own website, of
     which Plaintiff requests that the Court take judicial notice, states that "the batteries can leak under
27   'Normal Conditions of Use,'" which Plaintiff argues is further evidence that Defendants had
     knowledge of a defect. Opp'n at 2. However, as previously discussed, the Court denied Plaintiff's
     request for judicial notice of this information sheet. *See* Section III.A, *supra.*

28

United States District Court
Northern District of California

### 3.  Sufficiency of the Cause of Action Brought Under the Unfair Prong of the UCL

The Court now turns to Defendant's motion to dismiss the cause of action brought pursuant to the unfair prong of the UCL. In the First Amended Complaint, Plaintiff alleges that Defendants violated the unfair prong of the UCL "by luring Plaintiff and Class members into buying Duracell Batteries with Duralock, by concealing their propensity for premature leakage and corrosion, when stored and used as intended." FAC ¶ 48. In the Motion, Defendant argues that this cause of action fails because it "simply repeats plaintiff's false advertising claim," which Defendants argue is defective. Mot. at 15. Plaintiff responds that she adequately alleges a violation of the unfair prong of the UCL because Plaintiff sufficiently states causes of action under the FAL and the CLRA. Specifically, Plaintiff alleges that Defendants "had knowledge of the problem of leakage in its AA and AAA batteries under normal conditions of use intended by Defendants," but concealed this problem from consumers. Opp'n at 12.

"A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). Here, Plaintiff's cause of action under the unfair prong of the UCL overlaps entirely with Plaintiff's claims under the CLRA and the FAL. As with Plaintiff's causes of action under the CLRA and the FAL, Plaintiff alleges in her unfair prong of the UCL cause of action that Defendants "lur[ed] Plaintiff and Class members into buying Duracell Batteries with Duralock, by concealing their propensity for premature leakage and corrosion," even though Defendants knew of this defect. FAC ¶¶ 24, 48. However, the Court has already found that Plaintiff's claim under the CLRA fails because Plaintiff does not sufficiently allege that Defendants had knowledge of any defect in Duracell batteries with Duralock at the time of sale. *See* Section III.B.2, *supra*. The Court has also found that Plaintiff's claim under the FAL fails because Plaintiff does not sufficiently allege that Defendants had knowledge of any defect at the time Defendants made any allegedly false or misleading representations. *See id.* Accordingly, because Plaintiff's unfair prong of the UCL claim is similarly premised on the allegation that Defendants knowingly concealed a

22

1    product defect from consumers, either at the time of sale or at the time of any allegedly false or

2    misleading representations, the unfair prong of the UCL claim suffers from the same defect as the

3    FAL and the CLRA causes of action.

4         Therefore, the Court GRANTS Defendant's motion to dismiss the cause of action under

5    the UCL's unfair prong. *See Kowalsky*, 771 F. Supp. 2d at 1150 (dismissing plaintiff's cause of

6    action under the UCL's unfair prong which was "premised on allegations that HP *knowingly*

7    marketed defective printers," where plaintiff elsewhere failed to allege defendant's knowledge)

8    (emphasis in original). However, because Plaintiff may cure the deficiency identified herein by

9    alleging additional facts, the Court grants Plaintiff leave to amend. *See Lopez*, 203 F.3d at 1127.

10        **4.  Sufficiency of the Cause of Action Brought Under the Fraudulent Prong of the UCL**

11

12        Although Defendants do not address Plaintiffs' claim under the fraudulent prong of the

13   UCL in the instant Motion, the Court finds it appropriate to *sua sponte* dismiss this cause of

14   action. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua*

15   *sponte* "note the inadequacy of a complaint and dismiss it for failure to state a claim," and need

     not give the plaintiff an opportunity to respond if the plaintiff "cannot possibly win relief.").

16

17        Here, Plaintiff's cause of action under the UCL's fraudulent prong overlaps entirely with

18   Plaintiff's causes of action under the FAL and the CLRA. Specifically, Plaintiff contends that

19   Defendants violated "the 'fraudulent' prong of the UCL by luring Plaintiff and Class members

20   into buying Duracell Coppertop batteries with Duralock, by concealing their propensity for

21   premature leakage and corrosion," even though Defendants knew of this defect. FAC ¶ 54. Where

22   a claim under the fraudulent prong of the UCL overlaps with alleged violations of the FAL and the

23   CLRA, a plaintiff must sufficiently plead, *inter alia*, that "the defendants had knowledge of the

24   basic facts that rendered their statements misleading at the time the statements were made" or that

25   the defendant "was aware of the defect when Plaintiff[] purchased [the defective product]."

26   *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1160-61 (N.D. Cal. 2011). However, as

     previously discussed, Plaintiff insufficiently alleges that Defendants knew of any defect with

27

28

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    Duracell batteries with Duralock, either at the time Plaintiff purchased batteries or at the time

2    Defendants made any allegedly false or misleading representations. *See* Section III.B.2, *supra*.

3    Accordingly, Plaintiff's cause of action under the UCL's fraudulent prong fails for this same

4    reason, and—at least as the claim is currently pled—Plaintiff cannot possibly win relief.

5         For the reasons stated above, the Court DISMISSES Plaintiff's cause of action brought

6    pursuant to the fraudulent prong of the UCL. However, because Plaintiff can cure the defect

7    identified herein, the Court grants Plaintiff leave to amend. *See Lopez*, 203 F.3d at 1127.

8         **5.  Sufficiency of the Cause of Action for Unjust Enrichment**

9         Defendants also move to dismiss Plaintiff's cause of action for unjust enrichment on the

10   grounds that it is derivative of Plaintiff's claims under the CLRA, the FAL, and the UCL. Mot. at

11   15. Plaintiff in her Oppositions counters that she sufficiently alleges the causes of action

12   underlying the claim for unjust enrichment.[5] Opp'n at 16.

13        Plaintiff's cause of action for unjust enrichment is premised on the same alleged conduct

14   that underlies Plaintiff's causes of action under the CLRA, the FAL, and the UCL. FAC ¶ 80

15   (incorporating each earlier allegation "as if fully set forth herein"); *id.* ¶ 82 (alleging that "[a]s a

16   result of Defendants' unlawful, fraudulent and misleading labeling, advertising, marketing and

17   sales of the Defendants' batteries, Defendants [were] enriched at the expense of Plaintiff and the

18   Class"). However, if a plaintiff's underlying causes of action fail, a "claim for unjust enrichment

19   cannot stand alone as an independent claim for relief." *Hovsepian v. Apple, Inc.*, No. 08-5788 JF

20   (PVT), 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (citing *Jogani v. Superior Court,* 165

21   Cal. App. 4th 901, 911 (2008)); *see also Sanders v. Apple Inc.*, No. C 08–1713, 2009 WL 150950,

22   at *9 (N.D. Cal. Jan.21, 2009) (an "[unjust enrichment] claim will depend upon the viability of the

23   Plaintiffs' other claims.").

24

25   [5] Plaintiff devotes nearly the entirety of the relevant part of the Opposition to refuting Defendants'

26   argument in the alternative that the unjust enrichment cause of action is duplicative. *See* Opp'n at
     12-16. However, Defendants subsequently withdrew this argument. Reply at 7 (stating that

27   Defendants "no longer seek[] dismissal on its alternative ground that the cause of action [for
     unjust enrichment] is duplicative.").

28

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Accordingly, because the Court herein finds that Plaintiff fails to allege a substantive claim for relief under the CLRA, the FAL, or the UCL, the Court GRANTS Defendants' motion to dismiss the unjust enrichment cause of action. *See Oestreicher*, 544 F. Supp. 2d at 975 ("[S]ince plaintiff's fraud-based claims have been dismissed, plaintiff has no basis for its unjust enrichment claim."). However, the Court grants Plaintiff leave to amend to cure the defects identified herein. *See Lopez*, 203 F.3d at 1127.

### 6. Sufficiency of the Cause of Action for Breach of Implied Warranty of Fitness for a Particular Purpose

Finally, Defendants move to dismiss Plaintiff's cause of action for breach of implied warranty of fitness for a particular purpose on the grounds that Plaintiff fails to plead the requisite elements of that claim. Mot. at 16-17. In the First Amended Complaint, Plaintiff alleges that "[a] battery that leaks under the intended use and/or storage [is] not fit for the intended purpose for which Plaintiff and the Class purchased Defendants' AA and AAA batteries." FAC ¶ 89. Plaintiff further alleges that "[i]mplied in [the] sale of Duracell AA and AAA batteries is that they would not leak during the intended use and/or storage of the batteries." *Id.* ¶ 90. On that basis, Plaintiff claims that she and class members were "damaged in the amount . . . they paid for the purchase of the subject batteries as they would not have been purchased had Plaintiff and the Class known of the leakage problem in Duracell AA and AAA batteries," or in the alternative, "Plaintiff and the Class were damaged in the amount of the price of the more expensive Duracell batteries [compared] to those of lower priced alternatives." *Id.* ¶ 91.

As a preliminary matter, the Court finds that Plaintiff's cause of action for breach of implied warranty of fitness for a particular purpose neither sounds in fraud nor is grounded in fraud, and accordingly the heightened pleading standards of Rule 9(b) do not apply. *See Vess*, 317 F.3d at 1103-04 (Rule 9(b) applies to claims "grounded in fraud" or that "sound in fraud"). Accordingly, "the less rigid—though still operative—strictures of Rule 8" apply to Plaintiff's cause of action here. *Iqbal*, 556 U.S. at 687.

However, even under Rule 8's less rigid strictures, Plaintiff's claim fails. To state a claim

25

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS

for breach of implied warranty of fitness for a particular purpose, a plaintiff must allege "(1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." *Frenzel v. AliphCom,* — F.Supp.3d —, No 14-cv-03587-WHO, 2014 WL 7387150, at *16 (N.D. Cal. Dec. 29, 2014) (citing *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985)). Here, although Plaintiff alleges that she had an "intended purpose" for Defendants' batteries, Plaintiff does not specify what the "intended purpose" was such that it would support a claim for breach of implied warranty of fitness for a particular purpose. *See Buchanan*, 173 Cal. App. 3d at 25 (breach of implied warranty of fitness for a particular purpose requires that plaintiff allege, *inter alia*, that plaintiff "at the time of contracting intends to use the goods for a *particular purpose*") (emphasis added). Plaintiff likewise fails to allege how her "intended purpose" differed from an ordinary purpose for which Defendants goods are used. *See Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1295 n.2 (1995) (stating that a "'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business," and further holding that where a plaintiff fails to identify a "legally cognizable particular purpose . . . no implied warranty of fitness claim . . . has been stated."). Moreover, Plaintiff fails to allege any of the other requisite elements of her claim: specifically, Plaintiff does not allege that Defendants "at the time of contracting [had] reason to know of [Plaintiff's] particular purpose"; that Plaintiff and class members relied on Defendant's "skill or judgment to select or furnish goods suitable for the particular purpose," or that Defendants "at the time of contracting had reason to know that the buyer is relying on such skill and judgment." *Buchanan*, 173 Cal. App. 3d at 25.

Plaintiff, in her opposition, argues that the elements outlined in *Keith v. Buchanan* are a "narrow interpretation" of a claim for breach of implied warranty meant to apply to the particular facts in *Buchanan*. Opp'n at 17. However, numerous district courts in this Circuit have required

26

plaintiffs to plead the *Buchanan* factors to survive a motion to dismiss a claim for breach of implied warranty of fitness for a particular purpose. *See, e.g.*, *T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, — F.Supp.3d —, No. 14-CV-05318-JSC, 2015 WL 1289497, at *14 (N.D. Cal. Mar. 20, 2015) (requiring plaintiff to allege the elements described in *Buchanan* to survive a motion to dismiss); *Marcus v. Apple, Inc*, No. C 14-03824 WHA, 2015 WL 151489, at *8 (N.D. Cal. Jan. 8, 2015) (same).

Plaintiff also argues that "the existence of an implied warranty for a particular purpose is meant to be decided by a jury," and thus it would be inappropriate for the Court to dismiss this cause of action. Opp'n at 17-18. However, again, numerous district courts in this Circuit have dismissed claims for breach of implied warranty of fitness for a particular purpose where the plaintiff fails to allege the required elements of such a claim. *See, e.g.*, *T&M Solar*, 2015 WL 1289497, at *15 (granting motion to dismiss a cause of action for breach of implied warranty of fitness for a particular purpose); *Bohac v. Gen. Mills, Inc.*, No. 12-CV-05280-WHO, 2014 WL 1266848, at *10 (N.D. Cal. Mar. 26, 2014) (same).

Accordingly, the Court GRANTS Defendants' motion to dismiss the cause of action for breach of implied warranty of fitness for a particular purpose. However, because Plaintiff can cure the deficiencies identified herein by alleging the requisite elements of her cause of action, the Court grants Plaintiff leave to amend. *See Lopez*, 203 F.3d at 1127.

# IV. CONCLUSION

For the reasons stated above, the Court GRANTS with leave to amend Defendants' motion to dismiss six of Plaintiff's seven causes of action. The Court also DISMISSES with leave to amend Plaintiff's remaining cause of action, which alleges a claim under the fraudulent prong of the UCL. Should Plaintiff elect to file an amended complaint to cure the deficiencies identified herein, she shall do so within twenty-one (21) days of the date of this Order. Failure to meet this deadline to file an amended complaint, or failure to cure the deficiencies identified in this Order, will result in a dismissal with prejudice. Plaintiff may not add new parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

1    **IT IS SO ORDERED.**

2

3    Dated: August 20, 2015

4                                                    _____

5                                                    LUCY H. KOH
                                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 14-CV-05028-LHK
ORDER GRANTING MOTION TO DISMISS